WILLIAM M. BARKER et al., Claimants, *v.* STATE OF NEW YORK, Defendant. (Claim No. 31801.)

Court of Claims, March 1, 1954.

*William J. Schoonmaker* and *Chandler Stein* for claimants.

*Nathaniel L. Goldstein, Attorney-General* (*Douglas L. Manley* of counsel), for defendant.

RYAN, J. This is a claim for the appropriation of lands owned by the claimants as tenants by the entirety. The appropriation by the State was made pursuant to section 30 of the Highway

Law. The map was filed in the office of the Department of Public Works November 19, 1948, in the office of the Department of State November 23, 1948, and in the office of the County Clerk of Schenectady County February 1, 1949. The notice of appropriation and map were served on Catherine Barker October 2, 1950, and on William M. Barker March 26, 1951. This claim was filed March 25, 1953.

The Attorney-General has moved to dismiss the claim on the ground that it was not filed within two years of the notice of appropriation. As to the claimant William M. Barker the motion is denied.

Upon the return day of the motion and after oral argument the court afforded opportunity to claimants' counsel to procure an affidavit from Catherine Barker, who was then out of the State. The affidavit has now been supplied. It does not contradict the affidavit of Clurman, who has stated that October 2, 1950, was the date that he served the notice on her. Mrs. Barker merely avers that she does not recollect the exact date of service.

After he was retained by claimants, their attorney corresponded with the Director of the Rights-of-way Bureau. He now suggests to the court that he was misled by a letter from that official dated August 22, 1951. But the correspondence presented to us does not disclose any inquiry by the attorney as to the date of service on Mrs. Barker. Apparently he relied entirely upon the date of service on William M. Barker. The claim was filed one day ahead of the deadline for him.

The motion as to Catherine Barker must be granted. (*Grosser* v. *City of Rochester,* 148 N. Y. 235; *MacFarland* v. *State of New York,* 177 Misc. 117.) Her remedy is with the Legislature.