(No. 35254.—

PRE-FAB TRANSIT Co *et al.*, Appellees, *vs.* CHARLES F. CARPENTIER, Secretary of State, Appellant.

*Opinion filed November 18, 1959.*

LATHAM CASTLE, and GRENVILLE BEARDSLEY, Attorneys General, of Springfield, (SAMUEL H. YOUNG, Special Assistant Attorney General, of counsel,) for appellant.

MACK STEPHENSON, of Springfield, (ROBERT T. LAWLEY, and MELVIN N. ROUTMAN, both of Springfield, of counsel,) for appellees.

Mr. JUSTICE BRISTOW delivered the opinion of the court:

This appeal is from a judgment of the circuit court of Sangamon County which ordered the issuance of a writ of *mandamus* directed to Charles F. Carpentier as Secretary of State, commanding him to accept applications for and issue registration cards and registration plates for certain vehicles owned by appellees.

Appellees filed their petition for a writ of *mandamus* in the circuit court of Sangamon County. Appellant filed his motion to dismiss the petition. The circuit court denied appellant's motion to dismiss and appellant elected to stand on his motion. Whereupon an order for the issuance of a writ of *mandamus* was entered. Hence the cause is before this court solely on the pleadings and the sufficiency thereof.

Appellees' petition alleges that on December 2, 1958, appellees submitted to the Motor Vehicle Registration Division of the office of the Secretary of State "certain applications" for the registration of 10 semi-trailers pursuant to section 3—402 of the Illinois Motor Vehicle Law, (Ill. Rev. Stat. 1957, chap. 95½, par. 3—402,) and on the same date submitted applications for renewal of registrations for 155 semi-trailers pursuant to section 3—413; that the applications were accompanied by certified checks "in the appropriate amount as provided for in Section 3—801(d) of Chap. 95½, Illinois Revised Statutes;" that by virtue of the provisions of sections 3—408 and 3—410 it became the duty of appellant to issue appropriate registration cards for the semi-trailers and that on December 2 and on other occasions petitioners requested and demanded of appellant that he issue registration cards and plates for such semi-trailers but that appellant refused so to do.

Appellees then prayed the issuance of a writ of *mandamus* commanding appellant to accept the applications and to issue the registration cards and registration plates.

The foregoing is the extent of the allegations contained

in appellees' petition which was filed in the circuit court of Sangamon County on December 8, 1958.

Appellant filed his motion to dismiss the petition for *mandamus,* and the grounds urged in the motion are that appellees failed to exhaust their administrative remedies as provided in the Motor Vehicle Law of the State of Illinois and under the provisions of the Administrative Review Act.

The identical question raised by this appeal was before this court and was decided by this court in the case of *People ex rel. United Motor Coach Co.* v. *Carpentier,* 17 Ill.2d 303. There we held that the exhaustion of the remedies provided for in section 2—117 of the Illinois Motor Vehicle Law, which provides that upon the denial of the issuance of a license the aggrieved party may secure a hearing before the Secretary of State, or a hearing officer designated by him, and further provides that the action of the Secretary of State in denying the issuance of a license shall be subject to judicial review under the provisions of the Administrative Review Act, is a condition precedent to the seeking of judicial relief.

In that case we further held that judicial review by a *mandamus* proceeding cannot be resorted to in the absence of an exhaustion of the remedies provided for in section 2—117.

Since it does not appear in this cause that appellees pursued the remedies provided for in section 2—117, nor did they seek judicial review as prescribed by the Administrative Review Act, these questions having been sufficiently raised in the motion to dismiss, the circuit court erred in denying appellant's motion to dismiss the petition and in ordering the writ of *mandamus* to issue. The judgment of the circuit court of Sangamon County is therefore reversed.

*Judgment reversed.*