Alexander Del Gtorno, J.
This is a motion for an order amending the title of the claim so as to add Isidore Henner as a party claimant.
The parcel of land appropriated by the State was owned by the claimant Dora Henner. A copy of the description and of the appropriation, Map No. 222, Parcels 350 and 427, was filed with the Clerk of Sullivan County on March 31, 1959.
The State alleges that a copy of the notice of appropriation and a copy of the description and map were served on the claimant on July 22, 1959, and upon Isidore Henner, described as a tenant of the appropriated party, on July 25, 1959. As to the latter, a copy of an affidavit of service is attached to the *334 moving papers, the original thereof having been filed in the County Clerk’s office on December 30,1959. Claimant’s attorney alleges that he has been informed by Isidore Henner that he never was served with a taking map.
Claimant’s counsel alleges that upon examining the appropriation map, he believed Dora Henner to have been the proper claimant, and a claim was filed on her behalf with this court on December 24, 1959, a copy of which was served upon the Attorney-General on December 28, 1959. No claim has been filed by Isidore Henner.
The parcel of land adjoining the appropriated parcel was owned by Dora Henner and Isidore Henner, her husband, as tenants by the entirety.
Claimant’s attorney alleges further that after filing the claim and examinig the deeds, he found the ownership of the adjoining parcel to have been in the Henners as tenants by the entirety. He learned also that they used the adjoining parcel and the appropriated parcel jointly in the operation of a Summer bungalow colony; that the swimming pool and other appurtenances on the appropriated parcel were used in connection with the operation of the buildings on the adjoining parcel. He alleges further that the State would not be prejudiced by the granting of this motion because it knew or should have discovered that claimant and her husband utilized both parcels in the operation of the bungalow colony.
In the claim filed by Dora Henner, she demands damages for ‘ ‘ 5.360 ± acres appropriated in fee, plus consequential damages to the remainder ”. Her attorney states that that portion of the claim for consequential damages refers to the adjoining parcel owned by husband and wife as tenants by the entirety, and that this motion does not constitute an application to file another claim.
Subdivision 1 of section 10 of the Court of Claims Act provides that a claim for the appropriation by the State of lands, or any right, title or interest in lands shall be filed within two years after the accrual of such claim or within two years after personal service of a copy of description and map and notice of appropriation.
Upon the affidavits submitted, the court finds that Isidore Henner was duly served with a copy of the notice of appropriation, description and map on July 25, 1959.
Although it would seem that Isidore Henner had no fee interest in the appropriated parcel, he could have and should have filed a claim within two years of the service upon him, if indeed he did have any right, title or interest in the land appropriated.
*335 No part of the parcel of land owned by Dora and Isidore Henner as tenants by the entirety, adjoining the appropriated property, was taken by the State. No claim is made as such, although it is alleged that the claim of Dora Henner for consequential damages refers to that area. Since Isidore was served in the instant proceeding, and if he had any right, title or interest in the parcel, he could have filed his claim within the statutory period and included a claim for consequential damages to the adjoining parcel of which he is a tenant by the entirety. Dora Henner may be entitled to damages to the contiguous parcel, but she may recover therefor only the damage to her interest. Having failed to file his claim, Isidore Henner may not be joined as a claimant. (MacFarland v. State of New York, 177 Misc. 117; Barker v. State of New York, 207 Misc. 83; Bleek v. State of New York, 184 Misc. 138; Nightingale v. State of New York, 46 N. Y. S. 2d 525.) A tenant by the entirety is a tenant in common with a right of survivorship; one tenant may recover damages for injuries to his interests even though the other tenant by the entirety is barred from recovery by reason of failure to file a claim. (Matter of Goodrich v. Village of Otego, 216 N. Y. 112.)
Although the two parcels are contiguous and used for a common purpose, they may not be evaluated as a combined unit if they are separately owned at the date of appropriation. Even should Dora Henner be entitled to damages as to the contiguous parcel, Isidore Henner may not benefit thereby. The ownerships differing, the damages cannot be considered as an entirety. To recover severance damages, there must be unity of title, contiguity and unity of use. There was no such unity of title.
Claimant cites Matter of City of New York (Jamaica Bay) (252 App. Div. 103) and Matter of Idlewild Airport, Second Addition (85 N. Y. S. 2d 617). These cases are distinguishable from that at bar, because there, where a husband and wife tenancy by the entirety had existed, one spouse predeceased the other. The right of survivorship in the principal was held to continue in the proceeds. The motion is denied.