STATE OF INDIANA *v.* MABEL KATHLEEN HESLAR, EXECUTRIX OF THE ESTATE OF OLA FRED HESLAR, ET AL.

[No. 970S216. Filed October 27, 1971. Opinion on Motion to Affirm filed October 22, 1971. Petition on rehearing denied January 20, 1972.]

*Theodore L. Sendak,* Attorney General, *Robert F. Colker,* Deputy Attorney General, for appellant.

*Don A. Tabbert, William D. Lalley,* of Indianapolis, for appellees Heslar and Rice, *L. Robert Lowe, Jr., Robert Hollowell, Jr.,* of Indianapolis, for appellee, Johnson Chevrolet, *Lowe Linder Gray Steele & Wiles,* of counsel, of Indianapolis.

HUNTER, J.—This is an appeal by the State of Indiana from an award for damages in a condemnation suit filed in Marion County Superior Court, Room One. The court appointed and instructed appraisers, after which they appraised the real estate to be taken and they made their report to the court. All parties filed exceptions to the appraisal. The cause was tried by jury and resulted in an award in the amount of one hundred ninety-five thousand dollars ($195,000) to the defendant-appellees Heslar and Rice, the owners of the fee, and one hundred fifty-five thousand dollars ($155,000) to defendant-appellee Johnson Chevrolet Co., Inc., the holder of a lease on the premises. The plaintiff, State of Indiana, filed a Motion to Correct Errors which was overruled and the State appeals.

The appeal essentially concerns the award to Johnson Chevrolet and only incidentally and without directly challenging the award to Heslar and Rice, owners of the fee. Before trial the State filed a Motion in Limine requesting the court to limit the evidence to the fair market value of the property to be taken. The court overruled this motion and the State alleges the court then allowed evidence which went to damages to a business not operated on the property taken and that there was no unity of title in the property taken and other property used by Johnson Chevrolet in the operation of its business.

This property, 1101 North Meridian Street in Indianapolis, was taken to be used in the construction of a limited access highway known as I-65 through the City of Indianapolis. The State needed all the property at 1101 North Meridian and there was no land left after the taking. The land was unimproved and was used by Johnson Chevrolet as its used car lot in conjunction with its dealership, the rest of which lay on tracts of land immediately south of the tract in question. Eleventh Street divided the tract taken and the other properties used. Evidence which concerned damage to the rest of the business by the taking of the tract in question was clearly allowed in over the continuing objection of the State. There was evidence and testimony concerning damage and destruction to the business of Johnson Chevrolet as a whole, while other testimony concerned the lease advantage of Johnson Chevrolet on its leasehold not taken at 1035 North Meridian. Testimony also involved the need for an auto dealer to have its used car lot close to the rest of its dealership and fronting on the same street as its new car dealership. Almost the entire case presented by Johnson Chevrolet concerned the damage to its dealership as a whole caused by the taking of the tract in question.

The elements of damages in a condemnation suit are listed in IC 1971, 32-11-1-6 (Ind. Ann. Stat. § 3-1706 [1968 Repl.]). They are as follows:

"First. The fair market value of each parcel of property sought to be appropriated, and the value of each separate estate or interest therein;

Second. The fair market value of all improvements pertaining to the realty, if any, on the portion of the real estate to be condemned;

Third. The damages, if any, to the residue of the land of such owner or owners to be caused by taking out the part sought to be appropriated;

Fourth. Such other damages, if any, as will result to any persons or corporation from the construction of the improvements in the manner proposed by the plaintiff."

We will examine each of these elements as they pertain to the award to Johnson Chevrolet and the allegations of the State.

The first element would be the leasehold interest of Johnson Chevrolet in the property. Generally, the measure of damages where a leasehold interest is taken under eminent domain is the fair market value of the unexpired term of the lease over and above the rent stipulated to be paid. See, *Arlen of Nanuet, Inc.* v. *State* (1970), 26 N. Y. 2d 346, 310 N. Y. S. 2d 465, 258 N. E. 2d 890; *Luby* v. *City of Dallas* (Tex. Civ. App. 1965), 396 S. W. 2d 192; *City of Chicago* v. *Shane* (1964), 46 Ill. App. 2d 33, 196 N. E. 2d 521; *Wayne Co., Inc.* v. *Newco, Inc.* (1962), 75 N. J. Super. 100, 182 A. 2d 369; *City of Santa Cruz* v. *MacGregor* (1960), 178 Cal. App. 2d 45; 2 Cal. Rptr. 727; *In Re Appropriation for Highway Purposes* (1957), 166 Ohio St. 249, 142 N. E. 2d 219; *United States* v. *Certain Lands, Etc.* (3d Cir. 1950), 183 F. 2d 320; 3 ALR 2d, § 3, p. 290-294; 27 AM. JUR. 2d *Eminent Domain* § 352. There was extensive and uncontroverted testimony that Johnson Chevrolet had no leasehold interest in the property taken, in that it was paying at least as much or more than the fair market value of the lease. Johnson Chevrolet never contended it had such a leasehold interest. It was stated in *Douglas* v. *Indianapolis & N. W. Traction Co.* (1906), 37 Ind. App. 332, 76 N. E. 892 that where a tenant fails to plead any interest in the land, he may be deemed to have assented to a recovery of all damages by the landlord.

In addition, there was a stipulation filed stipulating and agreeing that Johnson Chevrolet had no leasehold interest in the subject property and had no interest in any improvements on the property condemned. The stipulation is as follows:

"The defendants, Johnson Chevrolet Co., Inc., Heslar and Rice do hereby stipulate and agree as follows:

1. That Johnson Chevrolet Co., Inc. has no leasehold interest in the premises known as 1101 North Meridian Street, and that the defendant Johnson Chevrolet Co., Inc. has

no interest in any improvements on the premises known as 1101 North Meridian Street.

2. That the defendants Heslar and Rice have no interest in any other damage that might accrue to the business of Johnson Chevrolet Co., Inc., caused by the taking of the real estate known as 1101 North Meridian Street by the State of Indiana.

3. That the defendants agree to introduce no evidence relating to the leasehold interest of Johnson Chevrolet Co., Inc., on the premises at 1101 North Meridian Street and will not comment to the jury on same except that the parties may comment that the amount awarded by the jury to the defendants Heslar and Rice as the result of the taking by the State of Indiana of the property known as 1101 North Meridian Street will not be diminished in any way by the amount that might be awarded by the jury to Johnson Chevrolet Co., Inc., and that the amount, if any, awarded to Johnson Chevrolet Co., Inc. as a result of any other damages sustained by it as a result of the taking by the State of Indiana to the business of Johnson Chevrolet Co., Inc. will not be diminished by any amount recovered by Heslar and Rice with respect to the premises known as 1101 North Meridian Street. . . ."

Such a stipulation would seem analagous to a provision in the lease itself stating the rights of the respective parties in case of condemnation. Such provisions have generally been held to be valid. See 96 ALR 2d 1140-1178, 27 AM. JUR. 2d *Eminent Domain* § 250. It should also be noted that the lease contained a provision which said the owners of the fee had the right to sell the property and should they do so they could cancel the lease upon six months notice to the lessee, Johnson Chevrolet. An estate in land which could be cancelled at any time does not seem to be an interest which would have a compensable value in a condemnation suit. This is another indication of Johnson Chevrolet's lack of an estate in the land. Thus, it is apparent from the uncontroverted testimony, from the stipulation between the lessor and the lessee, and from the termination provision of the lease that Johnson Chevrolet had no estate in the tract of land taken which would allow damages

to accrue to them under the first element of damages listed in the statute.

The above stipulation would also preclude any claim for damages to improvements on the property, which is the second element in the statute. In addition, there was no evidence presented which indicated there were any extensive improvements on the property nor was any evidence presented at trial which showed a right of Johnson Chevrolet to any damages pertaining to improvements on the property. The lessee, therefore, had no right to damages under the second element contained in the statute.

We next consider the third element of damages concerning severance damages to the residue of the land of the owner. Heslar and Rice, the owners in fee, own no other property contiguous or close to the property taken. Johnson Chevrolet, on the other hand, leases and owns other property close to the property taken and uses all the property in conjunction with its automobile dealership. Almost universally there are three requirements to entitle a party to severance damages. They are unity of ownership, unity of use, and contiguity. There is a split of authority as to what constitutes unity of ownership. See 95 ALR 2d 887-904. The only case in Indiana dealing with this question is *Glendenning* v. *Stahley* (1910), 173 Ind. 674, 91 N. E. 234, which seems to say there must be unity of *title*. In that case, a man owned an eighty (80) acre track of land lying immediately north of a proposed road. A twenty (20) acre tract lying directly south of the proposed road was owned by him and his wife as tenants by entirety. The entire one hundred (100) acres was used and farmed as a unit. The court there stated:

> "It is settled that in determining the amount of special benefits or damages sustained by any one proprietor, all and belonging to him lying in a contiguous body and used together for a common purpose will be considered as one tract or farm, without regard to governmental subdivision. . . .
>
> This principle cannot be extended to cover lands owned by different proprietors, although contiguous and used un-

der one management and for a common purpose. Claims for damages in proceedings of this character are personal, and must be asserted in the name of the actual owners of the land affected." 173 Ind. at 683-684, 91 N. E. at 238.

Thus, although the contiguous properties were used for a single purpose, severance damages were denied because title in one tract was held by the husband alone and the title in the other was held by him and his wife. See also, *Tillman* v. *Lewisburg & N. R. Co.* (1916), 133 Tenn. 554, 182 S. W. 597.

In the instant case, Johnson Chevrolet held a lease for the property taken from Heslar and Rice while the property immediately south of this property across eleventh street was leased from *another* person and was the location of the main showroom. Other properties in the block used in conjunction with the dealership were owned by Johnson Chevrolet in fee. Although under one management and used for a common purpose, the properties are owned by different proprietors. As to cases requiring unity of title, see *Henner* v. *State* (1962), 32 Misc. 2d 333, 224 N. Y. S. 2d 420; *People* v. *Dickinson* (1964), 230 Cal. App. 2d 932, 41 Cal. Rptr. 427; *McIntyre* v. *Board of County Com'rs. of Doniphan County* (1949), 168 Kan. 115, 211 P. 2d 59; *State ex rel. Wirt* v. *Superior Court for Spokane County* (1941), 10 Wash. 2d 362, 116 P. 2d 752. In *People* v. *Dickinson, supra,* unity of ownership of two tracts was found to be lacking even though both tracts had been leased to a partnership by the individual partners who owned the tracts. In *Duggan* v. *State* (1932), 214 Iowa 230, 242 N. W. 98, two tracts had long been leased and used as one farm. The tract upon which land was being condemned was owned by a brother and sister jointly, the other tract was owned by the sister alone. It was held that damages would not include the injury to the farm as a whole. Damages could be assessed only as to the tract upon which the taking was made. In *United States* v. *Honolulu Plantation Co.* (9th Cir. 1950), 182 F. 2d 172, cert. den. 340 U. S. 820, a sugar plantation was denied severance damages where it owned a comparatively small amount

of land in fee and the bulk of its holdings were in long-term leases of lands owned by others. *State ex rel. State Highway Commission* v. *Gray* (1970), 81 N. M. 399, 467 P. 2d 725, involved a situation where the fee owner of condemned land used, in the operation of his business, railroad property located across the street from the fee property under a month-to-month tenancy with an expectation of renewal, and the State condemned the fee land but not the leased land. It was held the owner of the condemned land was not entitled to severance damages for leased property since the unity of ownership requirements was lacking.

In the instant case, Johnson Chevrolet has no unity of title, and even unity of ownership under most any test is highly questionable. It leased the property taken from one owner, leased the property and building where their showroom was located from another owner, and then owned other property in fee. It is also difficult to see how severance damages could accrue when Johnson Chevrolet's estate in the property taken could be terminated at any time upon six months notice. Clearly, Johnson Chevrolet is not entitled to severance damages under the third element contained in the statute.

The fourth and final element of damages listed in the statute is for "such other damages, if any, as will result to any persons or corporation from the construction of the improvements in the manner proposed by the plaintiff." The trial court allowed much of the testimony on the basis that it came under this fourth element. However, the testimony went to the loss of business which would result to Johnson Chevrolet by the loss of the use of this property as its used car lot. Testimony as to gross sales was allowed in, and such might be allowed to determine the value of the leasehold, but Johnson Chevrolet had no leasehold interest in the property. The evidence could therefore only be considered as evidence going to the issue of loss of profits or destruction of business. When the entire tract is taken, evidence is not to be

allowed which goes to loss of profits. *State* v. *Jordan* (1966), 247 Ind. 361, 215 N. E. 2d 32; *State* v. *Hastings* (1965), 246 Ind. 475, 206 N. E. 2d 874; *Elson* v. *City of Indianapolis* (1965), 246 Ind. 337, 204 N. E. 2d 857. Nor is evidence as to damages for destruction of business to be allowed. *State* v. *Hierholzer* (1965), 246 Ind. 632, 207 N. E. 2d 218. Thus, it was error to allow testimony on this issue. Such items are too remote and speculative to be used as criteria for the establishment of damages in a condemnation suit of this nature. In fact, it appears from reading the fourth element of damages in the statute, that it was intended to recompense a person for damages resulting from the method of construction in a physical sense. The statute states that it applies to damages which result from the *"construction* of the *improvements* in the manner proposed. . . ." It is intended to cover such conditions as a total denial of access due to the method of construction. It was not intended to cover any or all consequential damages of any kind. *State* v. *Stabb* (1948), 226 Ind. 319, 79 N. E. 2d 392, contained language that any consequential damages were allowable, but that case was found to have no legal significance in *State* v. *Jordan, supra,* at 366. That being the case, we here expressly overrule *State* v. *Stabb* as it relates to damages for loss of profits and to its definition of consequential damages. Our policy should not be such as to place an undue burden upon the State in acquiring land for such public improvements as highway construction when such improvements are considered to be in the public interest. Allowance of such remote and highly speculative items as loss of business or profits would do just that.

It was prejudicial error to allow evidence as to loss of profits and business concerning both the property taken and the other property owned and leased by Johnson Chevrolet. We therefore reverse and remand this cause with instruction to the trial court to set aside its ruling on the State's motion to correct errors as it applies to Johnson Chevrolet and for further proceedings not inconsistent with this opinion. As to

damages awarded to Heslar and Rice, we affirm as indicated by our previous opinion on October 22, 1971 based on their motion to affirm.

Reversed in part and affirmed in part.

Arterburn, C.J., Givan and Prentice, JJ., concur; DeBruler, J., dissents.

NOTE.—Reported in 274 N. E. 2d 261.

HUNTER, J.—On October 6, 1971, the appellees Heslar and Rice filed their motion to affirm which is set forth as follows:

"MOTION TO AFFIRM

The Appellees, Mabel Kathleen Heslar, Executrix of the Estate of Ola Fred Heslar, Deceased, Mabel Kathleen Heslar and Sarah Elizabeth Rice, by their undersigned counsel, hereby move this Court for a decision summarily affirming the judgment of the trial court as to them and them only for the reason that no justiciable issue has been raised by the Appellant, State of Indiana."

Accompanying the motion to affirm was a memorandum filed in support thereof. A close study of the memorandum, the brief of the State of Indiana, appellant here (plaintiff herein) and the brief of the appellees Heslar and Rice demonstrates the following: (1) the State's brief is indeed devoted exclusively to alleged errors with respect to the Johnson Chevrolet Co., Inc. We are of the opinion that the appellees Heslar and Rice are correct in their statement in the memorandum in support of said motion that any claim of error the State may have at one time believed it had against the defendants Heslar and Rice has been fully waived by failure of the State to argue or raise it in its original brief. Appellate Rule 8.3 (A) (7) reads as follows:

"An argument. Each error assigned in the motion to correct errors that appellant intends to raise on appeal shall be set forth specifically and followed by the argument

applicable thereto. If substantially the same question is raised by two or more errors alleged in the motion to correct errors, they may be grouped and supported by one argument. The argument shall contain the contentions of the appellant with respect to the issues presented, the reasons in support of the contentions along with citations to the authorities, statutes, and parts of the record relied upon, and a clear showing of how the issues and contentions in support thereof relate to the particular facts of the case under review."

An examination of the argument section of the State of Indiana (appellant's) brief is stated as follows:

"(1) Whether the court erred in admitting evidence as to the damages to the business of defendant, Johnson Chevrolet Co., Inc., which was operated on property other than that taken and was physically separated from the taken property."

This issue is related solely to the alleged error of the court in admitting evidence of damages to Johnson Chevrolet business conducted on property not owned by the appellees (defendants below) Heslar and Rice. This is supported by the fact that the State's argument relates only to the claim of damages connected with property other than the property owned by appellees Rice and Heslar. The stipulation entered into by defendants Heslar and Rice and Johnson Chevrolet is as follows:

"STIPULATION

The defendants, Johnson Chevrolet Co., Inc., Heslars and Rice do hereby stipulate and agree as follows:

1. That Johnson Chevrolet Co., Inc. has no leasehold interest in the premises known as 1101 North Meridian Street, and that the defendant Johnson Chevrolet Co., Inc. has no interest in any improvements on the premises known as 1101 North Meridian Street.

2. That the defendants Heslar and Rice have no interest in any other damages that might accrue to the business of Johnson Chevrolet Co., Inc., caused by the taking of the real estate known as 1101 North Meridian Street by the State of Indiana.

3. That the defendants agree to introduce no evidence relating to the leasehold interest of Johnson Chevrolet Co., Inc., on the premises at 1101 North Meridian Street and will not comment to the jury on same except that the parties may comment that the amounts awarded by the jury to the defendants Heslar and Rice as a result of the taking by the State of Indiana of the property known as 1101 North Meridian Street will not be diminished in any way by the amount that might be awarded by the jury to Johnson Chevrolet Co., Inc., and that the amount, if any, awarded to Johnson Chevrolet Co., Inc., as a result of any other damages sustained by it as a result of the taking by the State of Indiana to the business of Johnson Chevrolet Co., Inc. will not be diminished by any amount recovered by Heslars and Rice with respect to the premises known as 1101 North Meridian Street. . . ."

The brief of the State of Indiana in an appeal from the judgment of the trial court in favor of Johnson Chevrolet refers to the above stipulation five different times in attacking the trial court's rulings concerning the evidence as it was related to Johnson Chevrolet in the trial of the condemnation proceedings. Nowhere in the State's brief is there any challenge directed to the evidence pertaining to the property located at 1101 North Meridian Street which is the property previously owned by appellees Heslar and Rice prior to the condemnation proceedings.

The second issue the State presents for review is as follows:

"2. Whether the Court erred in giving instructions to the jury which allowed the jury to consider improper elements of damage not in issue."

It contains allegations of error in the giving of certain instructions numbered 3, 4, 7, 14, 18 and 20.

A careful study of the State's brief devoted to the above issue cogently demonstrates that it is directed only to defendant Johnson Chevrolet and in no way relates to the appellees Heslar and Rice.

The objections to each of the above instructions either

directly or indirectly relate to evidence of damages concerning the assertions of Johnson Chevrolet as a defendant and in no way relate to the fair market value of any interest in the subject property located at 1101 North Meridian Street owned by the appellees (defendants below) Heslar and Rice.

Thus it becomes readily apparent from the record in this case before us that there is no justiciable issue presented by this appeal as to the appellees Heslar and Rice.

For all the foregoing reasons the motion of said appellees should be granted. Therefore the judgment of the Marion Superior Court Room One in favor of Heslar and Rice in the sum of one hundred ninety-five thousand dollars ($195,000) together with interest at the rate of four per cent (4%) per annum from the date the State took possession of the property is hereby affirmed.

Arterburn, C.J., Givan and Prentice, JJ., concur; DeBruler, J., dissents.

NOTE.—Reported in 274 N. E. 2d 239.