STATE OF INDIANA *v.* ROBERT H. NELSON AND ALMA C. NELSON, MUTUAL BENEFIT LIFE INSURANCE COMPANY, ATLANTIC-RICH-FIELD, MILBURN WATTS.

[No. 572A247. Filed June 13, 1973. Rehearing denied July 30, 1973. Transfer denied November 13, 1973.]

*Theodore L. Sendak,* Attorney General, *A. Frank Gleaves, III,* Deputy Attorney General, for appellant.

*David Richey, Parr, Richey, Obremsky, Pedersen & Morton,* of Lebanon, for appellees, Atlantic-Richfield Company and Milburn Watts; *Russell Richardson, Stewart & Richardson,* of Lebanon for all other appellees.

LYBROOK, J.—This appeal arises from an award of damages in a condemnation action brought by the State. A jury trial

resulted in verdicts of $140,000 for appellees Nelson (land owners), $18,000 for appellee Atlantic-Richfield Company, and $5,000 for appellee Milburn Watts.

State appeals only those awards granted Atlantic-Richfield and Watts.

Issues presented for review are:

(1) Did the trial court err in overruling the State's objections to testimony concerning the value of certain leases?

(2) Did the trial court err in allowing the question of damages for injury to leasehold interests to go to the jury?

(3) Did the trial court err in allowing evidence concerning the value of fixtures which were removed from the property?

(4) Did the trial court err in refusing to give State's tendered instruction No. 9, regarding the measure of damages?

This litigation began in 1958 when the State filed its complaint for appropriation of certain real estate in Boone County, owned by the Nelsons. A portion of the appropriated premises had been leased as a service station site to Atlantic-Richfield Company. The station was sub-leased to and operated by appellee Watts. The Nelson—Atlantic-Richfield lease provided for a rental of one and one-half cents per gallon of gasoline, with a $250.00 minimum and $750.00 maximum per month. The term of the lease was ten years, with a ten year renewal option. Evidence showed there was six years remaining on the first term.

At trial, appellees presented evidence as to the value of the business immediately preceding the taking, together with opinion testimony as to the value of the leasehold interests of Atlantic-Richfield and Watts. The State objected to the lack of proper foundation for this testimony and this appeal is based in part upon the overruling of its objections by the court.

Three of the issues raised by appellant revolve around the

proper measure of damages to be applied when a leasehold interest is condemned.

The State contends that there was no proper foundation established to support the opinion evidence of appellees' witnesses, particular complaining that the opinions were based on a capitalization of net profits. State argues that the proper method of valuing a leasehold interest is to take "the difference between the contract rent and the fair rental value, if any, capitalized for the unexpired term of the lease and discounted by the factor of present worth." For this proposition the State cites: *Matter of City of New York* (1907), 120 App. Div. 700; *Clarkston* v. *Skidmore* (1871), 46 N. Y. 297; *Matter of City of New York* (1951), 278 App. Div. 813.

In the most recent of the above cases, the court held:

> "Where property held under an unexpired lease is taken by eminent domain, the question of whether a loss has been suffered by the lessee depends on whether the rental value of the leasehold estate exceeds the rent reserved for the balance of the term." (Citing cases.)

> *"The fair market value of the leasehold must be determined.* Such value is measured by the excess of rental value over rent reserved. All the provisions of the lease . . . must be given due consideration in determining the rental value of the leasehold. . . ." (Our emphasis.)

State further relies upon the following language from *State* v. *Heslar* (1971), 257 Ind. 307, 274 N.E.2d 261, decided since the trial of the case at bar:

> "Generally, the measure of damages where a leasehold interest is taken under eminent domain is the fair market value of the unexpired term of the lease over and above the rent stipulated to be paid." (274 N.E.2d at p. 263, citing numerous authorities from other jurisdictions.)

We have no quarrel with the above statement. The same rule appears at 3 A. L. R. 2d 290.

It is significant, however, that in *Heslar* there was no leasehold interest involved in the tract taken. However, the court

discussed a lease which the landowner held on adjacent property also used in the conduct of its business.

The case at bar is further distinguishable from *Heslar* in that the original lease was for a period of ten years with the right of renewal for an additional ten years. In *Heslar,* the lease provided that the owners could sell the real estate and cancel the lease upon six months notice to the lessee. The court said:

> "An estate in land which could be cancelled at any time does not seem to be an interest which would have a compensable value in a condemnation suit."

We therefore hold that the *Heslar* case is not controlling in the case at bar.

The State further maintains that the testimony of Devon Robinson indicated that he capitalized net profits in arriving at his opinion of the fair market value of the leasehold interests. Appellees contend that Robinson carefully avoided the subject of profits in his testimony and that the terms "profits" and "net profits" were interjected by counsel for the state upon cross-examination. This situation was alluded to by the trial court as follows:

> "THE COURT (intervening) Well, I'll reserve ruling on this and I think that the State has invited an error into this case and I want that in the record * * *"

It was not error to admit evidence of profits in the case at bar. Although it is generally conceded that profits are not recoverable as an element of damage in an eminent domain proceeding, testimony as to profits from a business is properly admitted where the value of a leasehold interest must be separately determined.

In *City of Evansville* v. *Bartlett, et al.* (1962), 243 Ind. 464, 186 N.E.2d 10, the court observed:

> "In considering the question as to the admissibility of evidence pertaining to the profits from the business of the lessees, it must be kept in mind that in this case there are

two separate properties taken, the real estate and improvements, and the business of the lessees. In this case the evidence as to the profits from the tavern business operated by the lessees related only to the value of the leasehold, and not to the value of the land and building, and was properly admitted as evidence of the amount of damages to which the lessees, Debes and Clements were entitled by reason of the taking of their business."

Although decisions from other States, including the New York cases above noted, speak of computing the value of a leasehold by measuring the excess of rental value over the rents to be paid during the remainder of the term, we are unable to find any Indiana authority to this effect.

Indiana case and statutory law converge upon the concept that fair market value is the proper measure of damages where a leasehold interest is condemned. See *City of Evansville* v. *Barlett, supra* and IC 1971, 32-11-1-6; Ind. Ann. Stat. § 3-1706 (Burns 1968).

Even in the 1907 New York case cited by the State, the court recognized the necessity of determining fair market value and at page 708, said:

"What is to be ascertained is the fair market value of the lease. Undoubtedly all the elements of a lease can be considered, and in addition the testimony of experts who are to testify as to the market value of the lease with the covenants, conditions and obligations imposed upon the landlord and the tenant, and it is this market value to which he is entitled."

We therefore hold that the trial court did not err in admitting the testimony concerning the value of the leases.

Since the opinion evidence as to the market value of the leases was admissible, the trial court properly permitted the case to go to the jury. Therefore, the State's second contention of error must fail.

The State next maintains that the trial court erred in admitting evidence concerning the value of fixtures which were removed from the property. Appellees argue that the

evidence only referred to equipment which could not be used or which was damaged.

Any error which resulted from the admission of this evidence was rendered harmless by State's Instruction No. 8 which read:

"I instruct you that the action by the State of Indiana in condemning a portion of defendant's property did not include the personal property of any of the defendants lying on the premises taken, but not affixed thereto, and damages for injury to such personal property or the expense of removing it from the premises are not proper elements of compensation."

Finally, the State alleges error in the court's refusal of its tendered Instruction No. 9, which read as follows:

"I instruct you that the measure of compensation to a lessee, if any, is the difference between the rent he has to pay and the fair rental value of the property, from the date of the taking of the leasehold interest to the time his lease would have expired, discounted by the factor of present worth."

The measure of damages for the loss of a leasehold interest in Indiana is the "fair market value" of the interest. The above instruction, however, fails to mention fair market value. It also directs the jury to discount the figure reached "by the factor of present worth." Without further explanation of this term, the instruction could only confuse and mislead the jury. The trial court properly refused it.

Taking the instructions as a whole, the jury was fairly and adequately informed as to the measure of damages.

Specifically, the jury was told that contingent, remote and speculative damages could not be considered; that it was not necessary that they find the lease had any value; and that if it did, they were not to include anticipated profits from the operation of the business, because they were speculative and remote.

There being no error, judgment is hereby affirmed.

Robertson, P.J. and Lowdermilk, J., concur.

NOTE.—Reported at 296 N.E.2d 908.