Edward R. Moore and Kathryn L. Moore, His Wife
v. County of Montgomery, Appellant.

Edward R. Moore and Kathryn L. Moore, His Wife
v. County of Montgomery, Appellant.

Argued October 9, 1975, before Judges CRUMLISH, JR., KRAMER and WILKINSON, JR., sitting as a panel of three.

*Joseph A. Smyth,* Assistant Solicitor, with him *Roger B. Reynolds,* Solicitor, for appellant.

*William H. Yohn, Jr.,* with him *Binder, Binder, Yohn & Kalis,* for appellees.

OPINION BY JUDGE CRUMLISH, JR., December 9, 1975:

In this eminent domain appeal, County of Montgomery (County) appeals not only the judgment on the verdict of the jury awarding Edward R. Moore and Kathryn L., his wife (Condemnees) damages in the amount of Sixteen Thousand Dollars ($16,000.00), but also a denial by the Court of Common Pleas of motions for new trial and arrest of judgment. These appeals were consolidated for argument and disposition. We affirm.

The land in question is part of a seventeen acre tract purchased by Condemnees in 1959.[1] The title line in

---

1. The record shows in 1959 the Moores purchased the property and at that time the total acreage was 43 acres. During the year 1966 they constructed their present home and began using the grounds for family recreation. Moores picnicked by, fished in, and in the winter time ice skated on Swamp Creek.

their deed runs to the center of Swamp Creek.[2] The two plus acre tract condemned by the County lies between this title line and the center of Grebe Road right of way which transverses their land.[3]

County, seeking to make a public park along Swamp Creek, filed a declaration of taking. A jury of view awarded Condemnees Sixteen Thousand Dollars ($16,-000.00), which award they appealed to the Court of Common Pleas of the County. After a full and complete trial, the trial jury likewise awarded the Condemnees Sixteen Thousand Dollars ($16,000.00). This appeal followed.

Two questions are presented: 1) Have the Condemnees convincingly demonstrated a unity of use between the condemned 2.038 acreage tract and the remaining acreage, and 2) Should the Condemnees' land valuation experts be permitted to appraise the land as one tract of land under the unity of use theory by appraising the condemned acreage and the remaining acreage separately, and then adding the combined values to arrive at the total appraisal?

County's first position advanced is that Grebe Road so divides Condemnees' land that severance damages under the unity of use doctrine were not proper in computing the amount of compensation due as a result of the taking.

In *United States v. 287.89 Acres of Land,* 241 F. Supp. 464 (W. D. Pa. 1964), the Court in awarding severance damage to the owner of a tract which was divided by the Susquehanna River said:

"We think the evidence establishes that the three tracts owned . . . as a unit, at the time of taking . . . were an integral whole; they have been continuously

---

2. Swamp Creek was the northern boundary of the Condemnees' property.

3. The Grebe Road right of way transverses the Moores' property approximately 300 feet from the center line of Swamp Creek.

used as a large residential country estate. . . . The taking . . . appreciably diminished the value of the estate. The circumstances that the river divides the property does not stand in the way of recovery of damages for depreciation of the entire estate." 241 F. Supp. at 468.

Here, we have an estate which is divided by a 33 feet wide highway, the underlying roadbed of which is owned by the Condemnees. The unity of use doctrine obviously has greater credence here than in *Acres of Land, supra.* Our Supreme Court in *Elgart v. Philadelphia,* 395 Pa. 343, 149 A. 2d 641 (1959)[4] wrote:

"We feel that the 'unity of use' doctrine should be limited to situations involving non-contiguous land and not extend to contiguous tracts. One does not have to be an expert in real estate appraisals or an expert in land value economics to recognize that, generally, whenever *two contiguous* and independently owned parcels are acquired by a single owner, the valuation of the combined properties may produce a value greater than the sum of the values of the individual parts. Even where there are no actual physical improvements an increment of value (plottage value) arises as a consequence of combining two or more sites, thereby developing a single site having a greater value than the aggregate of each when separately considered . . . . This increment of value should not have been denied the appellant; it was an element of damages . . . ." (Emphasis added.) 395 Pa. at 346, 149 A. 2d at 643.

---

4. In *Elgart,* Condemnee acquired title to the first lot as trustee. This lot was improved with a three-story house converted into apartments. Six years later Condemnee, again as a trustee, acquired the adjoining unimproved lot to the west. After a change in zoning, the City "took" the last acquired lot. The Supreme Court held that the parcels were contiguous, and the award of severance damages was proper.

It is clear that if, as in *Elgart, supra,* the tracts are contiguous, the Condemnees are entitled to the decrease in value caused by the severance of their remaining acreage. It is equally clear that if the tracts are non-contiguous and unity of use is established, the Condemnees are entitled to severance damages.[5] A careful review of the record convinces us that Condemnees enjoyed the use of the entire land.[6] Under either theory, they are entitled to damages.

Finally, the County argues that the testimony of Condemnees' two valuation experts should have been stricken by the trial court as violative of the established principle of law that the jury cannot consider the value of the Condemnee property as individual lots with separate value. *Rothman v. Commonwealth,* 406 Pa. 376, 378, 178 A. 605, 607 (1962), *Felix v. Baldwin-Whitehall School District,* 5 Pa. Commonwealth Ct. 183, 186, 289 A. 2d 788, 790 (1972).

We disagree. The experts testified they valued the tract as a whole both before and after the taking. They based their appraisals partly upon comparable sales in the area and partly upon reproduction costs for improvements on the property. Furthermore, the testimony established that the total appraisal value was calculated by assigning a value to each front foot according to the number of building lots permitted under present zoning. However, no specific value was attributed to the potential building lots. "The jury, therefore, did not receive any testimony upon which it may have valued the con-

---

5. Section 605 of the Eminent Domain Code, Act of June 22, 1964, Spec. Sess., P.L. 84, *as amended,* 26 P.S. §1-605 provides: "Where all or a part of several contiguous tracts owned by one owner is condemned or a part of several non-contiguous tracts owned by one owner which are used together for a unified purpose is condemned, damages shall be assessed as if such tracts were one parcel."

6. See Footnote No. 1.

demned land as a sum of individually saleable lots."
*Commonwealth of Pennsylvania v. Fox,* 16 Pa. Common-
wealth Ct. 23, 27, 328 A. 2d 872, 875 (1974). Therefore
we must

ORDER

AND NOW, this 9th day of December, 1975, the order
and judgment of the Court of Common Pleas of Mont-
gomery County is affirmed and the appeals dismissed.