Argued February 15, affirmed April 26, 1961

# STATE HIGHWAY COMMISSION *v.* OREGON INVESTMENT COMPANY, NORTHWEST TRANSFER COMPANY

361 P. 2d 71

*Seymour L. Coblens,* of Portland, argued the cause for appellant. With him on the brief were Reinhardt, Coblens & Stoll, Portland.

*George W. Mead,* of Portland, argued the cause and filed a brief for respondent.

Before McALLISTER, Chief Justice, and WARNER, SLOAN, O'CONNELL and LUSK, Justices.

McALLISTER, C. J.

This proceeding was commenced by the State Highway Commission to condemn certain real property in Portland, owned by Oregon Investment Company, hereinafter called the owner, and occupied as lessee by the Northwestern Transfer Company, hereinafter called the tenant. After the proceeding was instituted the parties agreed upon the value of the property, the stipulated sum was paid into court and a judgment was entered in favor of the Highway Commission. Thereafter the proceeding, as between the owner and tenant, was continued to determine whether the tenant was entitled to any part of the award. The trial court found that it was not and the tenant has appealed.

The real property in question is situated on southeast Belmont Street and was improved with a building used as a warehouse. On August 15, 1955 the owner leased the premises to the tenant for a term of five years, with an option to renew for an additional five years. The lease contained a provision generally re-

ferred to as a "condemnation clause" reading as follows:

"It is further understood and agreed that if the whole or any part of the demised premises shall be taken by any Governmental authority for any public purpose, then the Lessee shall not receive any portion of any award made to the Lessor, but the sole right of the Lessee shall be limited to a separate claim against said Governmental authority for damages to its business and personal effects, and the Lessee hereby waives any claim or claims against the Lessor, and the rent shall be prorated and paid up to the date of such taking or refunded in the event of payment in advance, or prorated if only part of the building should be so taken. It is agreed by the parties hereto, however, that in the event either party deems it advisable to file such suit, they will give the other party reasonable notice of their intention to do so."

■ Generally a tenant is entitled to share in the condemnation award to the extent of his leasehold interest. *State Highway Com. v. Burk et al,* 200 Or 211, 265 P2d 783; Lewis, Eminent Domain (3d ed) § 525 p 952; 2 Nichols, Eminent Domain (3d ed) § 5.23 p 35; 18 Am Jur, Eminent Domain § 232 P 685. However, the tenant may by contract waive his right to participate in a condemnation award. *United States v. Petty Motor Co.,* 327 US 372, 66 S Ct 596, 90 LEd 729 (1946); *Capitol Monument Co. v. State Capitol Grounds Commission,* 220 Ark 946, 251 SW 2d 473, 475 (1952) *United States v. Improved Premises, etc.,* 54 F Supp 469, 472 (1944); *In re Improvement of Third Street, St. Paul,* 178 Minn 552, 228 NW 162; *Zeckendorf v. Cott,* 259 Mich 561, 244 NW 163; *Matter of the City of New York (Allen St.)* 256 NY 236, 176 NE 377; Jahr, Eminent Domain—Valuation and Procedure § 130 pp 194, 195 (1953); 2 Nichols, Eminent Domain, § 5.23[2] p 41 (1950); Annotation, 98 ALR 254.

Although the condemnation clause quoted above is not a model of clarity, we think the paragraph when construed as a whole discloses a clear intent that the tenant should not share in the award made on account of the condemnation of the leased premises.

■■ The tenant bases its case primarily on the phrase providing that it should not receive any portion of an award "made to the lessor." The tenant argues that because the award in this case, as in the usual condemnation case, was not made to the lessor but to all those having an interest in the property, the condemnation clause is not applicable in this case. The tenant's argument might have merit if the phrase relied on by it stood alone. That phrase, however, is followed immediately by the provision that the sole right of the tenant shall be limited to a separate claim against the condemning authority "for damages to its business and personal effects," and a further provision by which the tenant expressly "waives any claim or claims against the lessor." When these provisions and the other provisions of the paragraph are read together we think they clearly express an intention that the tenant should not share in the award either for the termination of his leasehold estate or for improvements, if any, made by him to the premises. The intention of the parties must be determined from the condemnation clause as a whole and not from separate parts thereof taken out of context. *Pettigrove v. Corvallis Lbr. Mfg. Co.,* 143 Or 33, 21 P2d 198; *Champion et ux v. Hammer et ux,* 178 Or 595, 169 P2d 119; *McCreight et ux v. Girardo,* 205 Or 223, 280 P2d 408, 287 P2d 414.

The trial court properly construed the agreement and the judgment is affirmed.