■ ANTHONY A. CASTELLANO et al., Respondents-Appellants, v STATE OF NEW YORK, Appellant-Respondent. (Claim No. 54477.)—Cross appeals from a judgment, entered August 10, 1978, upon a decision of the Court of Claims, which awarded the Castellanos the total proceeds of a condemnation award for premises subject to a lease. This proceeding results from a 1970 appropriation of real property owned by the claimants Castellanos and leased to Yonkers Realty Associates. The matter was previously before this court *(Castellano v State of New York,* 52 AD2d 1014), at which time we affirmed the amount of damages awarded by the Court of Claims, and its apportion-

ment of the award as between the Castellanos and the lessee. The Court of Appeals found that inasmuch as it appeared that the Court of Claims had erroneously limited its powers and apparently not fully considered proof offered by the Castellanos as to contractual (lease) apportionment of condemnation awards, the matter should be remitted to the Court of Claims for consideration of the agreement between the lessee and the Castellanos *de novo (Castellano v State of New York,* 43 NY2d 909). Reference should be had to the prior decisions for the facts and issues herein. The purpose of the remittal was described as follows: "To focus on this issue [intent of the parties], the case should be remitted for further proceedings so that such proof may be considered in the context of a trial at which the court recognizes that it may determine that the parties intended to use the word 'Lessee' in the relevant portion of clause (d) of paragraph 12. The court may thus explore all that may be offered to show what is the proper interpretation of clause (d) of paragraph 12 and how it might relate to the other provisions of the lease." Upon remittal, the Court of Claims has found that the Castellanos were entitled to the entire award less any damages attributable to the building improvement. The dispositive issue upon this appeal is whether or not that interpretation of the lease is in accordance with the evidence. (See paragraph 12 of the lease appended hereto.) Initially, it should be noted that the contention of the Castellanos that the decision of the Court of Appeals determined the weight of the evidence in their favor is not acceptable. The Court of Appeals decision does not appear to do any more than to indicate that the Castellanos had adduced sufficient evidence in the record then before the court to create a question of fact and, indeed, it expressly reopened that issue solely to afford a judicial determination without any erroneous view of the law acting to bias the factual issues (cf. *Flores v E. W. Bliss Co.,* 18 AD2d 1058, 1059, affd 14 NY2d 708). The decision of the Court of Claims recites without additional proof that it has considered the evidence, but is less than illuminating as to the findings which led to its conclusion that, pursuant to the lease, the Castellanos are entitled to the entire award less certain items. The court referred to paragraphs 12(b) and 12(c) of the lease as support for its conclusion. Paragraph 12(b) of the lease refers to a condemnation of less than the whole property as was the case herein. It gives the lessee the option to surrender the premises and be released from all further responsibilities if the premises are deemed insufficient for business operations. Alternatively, it gives the lessee the option to continue in possession and receive a pro rata reduction in rent subject to certain obligations of expending awards by both the lessee and the Castellanos. The lessee did exercise its option to receive a pro rata reduction in rent and it appears the Court of Claims has found that such option constituted liquidated damages, and, accordingly, it did not deduct the value of the leasehold from the award to the Castellanos. However, the court overlooks the fact that we are not concerned with the settlement of the leasehold rights of the Castellanos vis-à-vis the lessee, but solely with their interests as expressed in the lease which, to the extent it so provides, will control the division of the condemnation damages or award *(Castellano v State of New York,* 43 NY2d 909, 912, *supra).* Paragraph 12(b) does no more than settle the future leasehold rights and liabilities of the Castellanos and the lessee and has no direct bearing on the right of the Castellanos to damages. Indirectly, the language of paragraph 12(b) reflects a recognition that to some extent the Castellanos could receive an award attributed to the buildings although in paragraph 12(c) it was "expressly agreed" that the lessee would receive any award for buildings except for depreciation of 1%

per year commencing with the third year of the leasehold. Paragraph 12(b) does not support the conclusion that the parties intended that the Castellanos would receive any of the award which reflected leasehold value. The determination of the Court of Claims that it created a right in Castellanos to claim any award for the leasehold is erroneous. Paragraph 12(c) expressly grants the value of buildings and the lessee's interest in the leasehold to the lessee, subject to the requirement that such value be reduced by 1% per year commencing with the third year of the lease. Pursuant to paragraph 12(c), the lessor does acquire a potential interest in any award for the leasehold interest when the lease has been in effect for more than two years prior to condemnation. However, paragraph 12(c) does not expressly recite that such depreciation value shall be awarded to the Castellanos. Under such circumstances, the otherwise ambiguous reference to a "lessors" interest in the value of a leasehold in paragraph 12(d) is clarified since it appears that the Castellanos do have such an interest. It does not appear that the Court of Claims in the present decision made any findings on credibility which would support its decision and we do not find any such issue which would support a claim that the parties intended to assign the value of the lessee's leasehold interest to the Castellanos. It is, therefore, within the power of the court to grant the judgment which upon the evidence should have been granted by the trial court *(Spano v Perini Corp.,* 25 NY2d 11; *McCarthy v Port of N. Y. Auth.,* 30 AD2d 111). Accordingly, we confirm the finding of Judge Donaldson and her original award except that the lease agreement quite clearly mandates that the Castellanos receive 9% of the leasehold interest and the original award must be so amended with interest calculated as per the decision and judgment appealed from. Accordingly, we find that the claimants are entitled to the sum of $16,675 as originally awarded by Judge Donaldson, together with the sum of $14,868 (rounded and equalling $165,204 times 9%) for a total of $31,543. Judgment modified, on the facts, by reducing the award to the sum of $31,543, together with appropriate interest as determined therein, and, as so modified, affirmed, without costs. Greenblott, J. P., Staley, Jr., Main, Mikoll and Herlihy, JJ., concur.

### APPENDIX

"12(a) If all the demised premises shall be permanently taken for any public or quasi-public use under any statute by right of eminent domain then in such event this lease and the term hereby granted shall cease and expire on the date when possession shall be taken thereunder of the premises, and all rents, taxes and other charges shall be prorated and paid to such date. (b) If any part of the demised premises is so taken and the part not so taken, together with the remaining property in the Shopping Center, of which the demised premises form a part, shall be such that the tenant operating the business on the entire Shopping Center, of which the demised premises are a part, in the exercise of a reasonable discretion deems such combined premises insufficient for the reasonable operation of its business, and so notifies Lessors in writing within a reasonable time after such taking, then and in such event this lease and the term hereby granted shall, at the option of the Lessee, cease and expire on the date when possession of the part not so taken shall be delivered to the Lessors, and all rents, taxes and other charges shall be prorated and paid to such date. In the event that only a part of the demised premises is so taken and the part not so taken, together with the remaining property in the Shopping Center, of which the demised premises form a part, shall be such that the tenant operating the business on the entire Shopping Center continues to operate its business,

this lease shall remain unaffected except (1) the Lessee shall be entitled to a prorata reduction in the fixed rent to be paid hereunder based on the proportion which the rental value of the space so taken bears to the rental value of the space originally demised; and (2) Lessee shall promptly after such taking, and at Lessee's own cost and expense, restore that part of the building or buildings not so taken to as near its former condition or equal as the circumstances shall permit, and the Lessors shall contribute prorata with the Lessee (based upon their respective shares of the award for the building or buildings, as fixed in subdivision '(c)' of this paragraph) to the cost thereof, however, not exceeding in any event to that part of the net award actually received by the Lessors after payment of reasonable expenses of collection, including attorney's fees, which shall be specifically attributed to the building or buildings taken, by the Condemnation Court, or if not so attributed as shall be determined by agreement between the parties. Any dispute under this article shall be settled by arbitration as hereinafter provided. (c) It is expressly understood and agreed that no part of any award, however, shall belong to the Lessee except that part of any award relating to the value of the building or buildings taken and Lessee's interest in leasehold if any award is made therefor, less depreciation. No such depreciation shall be deemed to take place during the first two years of this lease. Thereafter, such depreciation shall be conclusively presumed to be at the rate of one (1%) per cent per year and the Lessee's award shall be reduced accordingly. Subject to the foregoing provisions it is expressly agreed that the Lessee shall be entitled to any award made for the building or buildings, and for the Lessee's interest in the leasehold, if any is awarded by the Court. (d) Awards for the value of the land and the value of the buildings and improvements as of the end of the term herein, and the Lessors' interest in and to the value of its leasehold, if any is awarded, are hereby assigned to the Lessors and they are given complete authority to collect the same. (e) In the event of such condemnation, the Lessee shall have no claim against the Lessors by reason of any breach of the covenant of quiet enjoyment contained herein."