**INDIANA GROCERY COMPANY, INC., Appellant–Defendant–Cross–Defendant,**

v.

**CROSBY PROPERTIES COMPANY, an Illinois General Partnership, National Tea Company and National Tea Company Employees Pension Plan, Appellees–Defendants–Cross–Plaintiffs,**

**City of Indianapolis, By and Through The Department of Transportation, Appellee–Non–Appealing Plaintiff.**

**No. 30A01–9105–CV–132.**

Court of Appeals of Indiana, First District.

Sept. 30, 1991.

Rehearing Denied Nov. 1, 1991.

---

**6.** *See also,* Annotation, *Validity Of State Statute Providing For Termination Of Parental Rights,* 22 A.L.R.4th 774 (1983).

Stephen M. Terrell, Zeff A. Weiss, Ice Miller Donadio & Ryan, Indianapolis, for appellant-defendant-cross-defendant.

George B. Davis, Davis & Davis, Greenfield, for appellees-defendants-cross-plaintiffs.

RATLIFF, Chief Judge.

## STATEMENT OF THE CASE

Indiana Grocery Company, Inc. (Grocery) appeals from a grant of summary judgment for Crosby Properties Company, an Illinois General Partnership, National Tea Company and National Tea Company Employees Pension Plan (Crosby) in an action to award sums received as a result of a condemnation action by the City of Indianapolis, by and through the Department of Transportation (City). We reverse and remand.

## ISSUE

We restate the "mirror image" issues the parties present on appeal as a single issue:

Is summary judgment in favor of a lessee proper where it shows a right to be compensated for the partial taking of its leasehold and the lessee has not waived such right?

## FACTS

The facts relevant to this appeal are undisputed. Crosby and Grocery are parties to a lease of commercial real estate located in Indianapolis. Crosby Properties Company and National Tea Company entered into the lease for a term of sixteen years with three five-year extensions on February 28, 1968. On July 22, 1982, National Tea Company assigned its rights as lessee to Grocery.

On September 22, 1989, City filed its complaint to condemn a portion of the leasehold premises as part of an improvement project. The condemnation resulted in the loss of a number of parking spaces from the leasehold premises.

At issue are the rights of Grocery and Crosby as lessee and lessor, respectively,

regarding this partial taking. Section eighteen of the lease provides that in the event of a partial taking of the premises, the lessee in its own discretion may terminate the lease or continue the lease at a proportionately lower rental. This section also guarantees the lessor's mortgage payments in the event of termination or continuation of the lease because of condemnation: the lessee must pay the difference between the condemnation award paid to the lessor and the lessor's balance due on its mortgage. If the lease is continued, the adjusted annual rent shall not be less than the amount the lessor is required to pay annually to the lessor's mortgagees. Section thirty-one is an incorporation provision, stating that the written lease is the entire and only agreement between the parties and that no oral statements or representations alter the lease's terms.

Following the partial taking, Grocery chose to remain in possession of the premises and continue operation of its retail grocery business; it did not terminate the lease. This dispute over the parties' respective rights to the condemnation proceeds ensued.

Other relevant facts will be stated in our discussion.

## DISCUSSION AND DECISION

On appeal, we use the same standard as the trial court in evaluating the propriety of summary judgment. *Jackson v. Warrum* (1990), Ind.App., 535 N.E.2d 1207, 1210. Summary judgment is appropriate only if no material issue of fact exists and the movant is entitled to judgment as a matter of law. Ind. Trial Rule 56(C). The movant bears the burden of proving the propriety of summary judgment, and all facts and inferences to be drawn therefrom are viewed favorably to the non-movant. *Jackson*, 535 N.E.2d at 1210.

The parties do not dispute the facts; rather, they disagree regarding the correct law to be applied to the facts. They each cite persuasive authority from other jurisdictions that they maintain should control in this case. Our survey of the relevant

cases shows that Grocery's arguments are more persuasive and the cases it cites contain facts more closely analogous to this situation. Thus, we hold that the trial court improperly granted summary judgment to Crosby and find that summary judgment should be granted in Grocery's favor.

The holder of an unexpired leasehold interest in land is entitled to just compensation under the Fifth Amendment, for the value of that interest when the land is taken by eminent domain. *Alamo Land and Cattle Co. v. Arizona* (1976), 424 U.S. 295, 303, 96 S.Ct. 910, 915, 47 L.Ed.2d 1, 8–9. Tenants are thus entitled to compensation for an unexpired term of a lease terminated by condemnation. *J.J. Newberry Co. v. City of East Chicago* (1982), Ind.App., 441 N.E.2d 39, 41, *trans. denied*. However, the parties to a lease may agree to an allocation of a condemnation award and that agreement governs disposition of the award. *State v. Heslar* (1971), 257 Ind. 307, 311, 274 N.E.2d 261, 264, *Peter C. Reilly Trust v. Anthony Wayne Oil Corp.* (1991), Ind.App., 574 N.E.2d 318, 320. To justify denying a tenant any share of a condemnation award, the landlord must show that the parties unambiguously intended to have the total award pass to the landlord. *Geary v. State* (1983), 95 A.D.2d 965, 967, 464 N.Y.S.2d 308, 311.

We find a New York case highly persuasive. A lessee who chooses to continue in possession with a reduction in rent after a partial condemnation may still recover damages from the condemnation award. *Castellano v. State* (1979), 70 A.D.2d 1033, 1035, 418 N.Y.S.2d 177, 179. In *Castellano*, a lessor and lessee both claimed the proceeds of a partial condemnation proceeding. The lease provided that the lessee could, if a partial condemnation occurred, either surrender the premises and terminate the lease or continue in possession with a pro rata reduction in rent. The lessee opted to continue in possession with the rental reduction. The court reasoned that the clause in dispute governed only future leasehold rights and liabilities of the lessor and the lessee and had no

direct bearing on the lessor's right to damages; the clause also did not restrict the lessee's remedies to only a rental reduction. *Id.* 1034–1035, 418 N.Y.S.2d at 178–179. The court further held that the lease provisions did not show that the parties intended that the lessors would receive any portion of the condemnation award that reflected the leasehold value; this amount was thus properly awarded to the lessee. *Id.*

■ Like the lease in *Castellano,* the lease in the case at bar contained a clause describing options the lessee would have in case of partial condemnation. Both clauses provided that the lessee could choose between terminating the lease or continuing in possession with a rental reduction. We adopt the New York court's reasoning, holding that choosing to remain in possession does not preclude a lessee's right to receive a portion of the condemnation proceeds. We are unpersuaded by Crosby's claim that section eighteen of the lease precludes the lessee from receiving any portion of the proceeds. In contrast, we hold that *Castellano* controls and Grocery may recover its share of the condemnation award, in addition to paying reduced rent for the remainder of the lease's term. *See also Pierson v. H.R. Leonard Furniture Co.* (1934), 268 Mich. 507, 256 N.W. 529 (where lease allowed for rental reduction, not termination upon partial taking, lessee could still receive condemnation damages in addition to rental reduction); *In re Daly* (1898), 29 A.D. 286, 51 N.Y.S. 576 (lease provision allowing a rental reduction did not preclude lessee from recovering additional damages for partial taking).

Additionally, we note that the cases Crosby urges us to follow involved leases with clauses and provisions that do not comport with those in the lease at issue. These differences are crucial to the disposition of this appeal. In *Territory of Hawaii v. Arneson* (1960), 44 Haw. 343, 354 P.2d 981, the lease contained a provision, paragraph 14(b), which explicitly stated that all compensation for a condemnation "shall be payable to and be the sole property of the lessors." *Id.* at 348, 354 P.2d at 985. Unlike the lease in *Arneson,* the lease be-

tween Grocery and Crosby contained no explicit provision governing disposition of the proceeds in a condemnation proceeding. Therefore, we find that although the *Arneson* court correctly noted that a condemnation clause in a lease that sets forth the respective rights of the parties thereto in the event of condemnation is valid and becomes controlling on condemnation, there is no condemnation clause in the lease in question that specifically delineates the rights of the parties to the proceeds on condemnation. Crosby's reliance on *Arneson* is misplaced; the disparate provisions of the two leases negate any of *Arneson's* persuasive impact.

The other case on which Crosby relies, *State Highway Commission v. Oregon Investment Co.* (1961), 227 Or. 106, 361 P.2d 71, is likewise distinguishable. The court there stated that generally, a tenant is entitled to share in a condemnation award to the extent of his leasehold interest; however, the tenant may waive such right by contract. *Id.* at 108, 361 P.2d at 73. In that case, the lease specifically provided that the tenant waived "any claim or claims against the lessor," as well as another provision that limited the tenant's remedies to a separate action against the condemning authority. *Id.* at 109, 361 P.2d at 73. The court held that these provisions showed an express and clear waiver of the tenant's right to recover a share of the condemnation proceeds. *Id. See Heslar,* 257 Ind. 307, 274 N.E.2d 261 (tenant's right to participate in a condemnation award may be waived by language in a contract; however, the parties must expressly agree that the lessee may not share in such award).

We find great disparity between the condemnation clauses in the leases in *Oregon* and in the case at bar. The lease in *Oregon* had a condemnation clause that included language showing a waiver of the tenant's right to any share of the condemnation proceeds. The condemnation clause in the lease between Grocery and Crosby, however, contains no express waiver. Furthermore, we do not read the disputed phrase, "if the condemnation award paid to the lessor," in section eighteen, as an implicit waiver of Grocery's right to any con-

demnation award. In sum, Crosby cannot show that Grocery has waived its right or is otherwise not entitled to a share in any condemnation award.

Crosby also makes much of section thirty-one of the lease, a provision entitled "Entire Agreement," which is in essence an integration clause. We find that this section and its application to the lease work against Crosby. The law on which we rely clearly grants to a lessee the right to a share of a condemnation award unless such right is expressly excluded or waived. *See Castellano, Heslar, Oregon.* If, as Crosby asserts, the parties' entire agreement is expressed in the lease and since we find that no exclusion or waiver of Grocery's right to condemnation proceeds is contained therein, section thirty-one is consistent with our holding.[1]

We hold only that the lessee is entitled to participate in the ultimate determination of the condemnation award as that may be decided in the lower court in further adjudication relating to the condemnation damages. The summary judgment entered in Crosby's favor is reversed and the lower court is instructed to enter summary judgment in favor of Grocery.

Reversed and remanded.

Costs are assessed against the appellee.

ROBERTSON, J., concurs.

SULLIVAN, J., concurs in result.

---

1. Crosby also argues that to award Grocery any portion of the condemnation award in addition to a reduction in rent would result in "double dipping," or a double recovery of damages. We see no merit in this argument, as the persuasive authorities on which we rely were also confronted with this alleged "double dipping" and nevertheless held that a lessee is entitled to share in the award. Because we adopt these courts' analyses, we summarily dispose of this argument.