**GOVERNMENT OF THE VIRGIN ISLANDS, Plaintiff**

**v.**

**4738 Square Feet of Land consisting of Parcel 10A Kronprindens Gade and Parcel 9B Kronprindsens Gade of Kronprindsens Quarter, St. Thomas, V.I.: William Hastie, Jr., and Karen H. Williams; Mohamed Abdallah and Khalid Abdullar d/b/a The Holy Land Store; UNKNOWN OWNERS and all others claiming an interest herein, Defendants**

Civil No. 586/1993

Territorial Court of the Virgin Islands

Div. of St. Thomas and St. John

February 14, 1995

Robert W. Bornholt, Esq., (Assistant Attorney General, Department of Justice), St. Thomas, V.I.

Henry L. Feuerzeig, Esq., (Dudley, Topper & Feuerzeig), St. Thomas, V.I.

Rhys S. Hodge, Esq., St. Thomas, V.I.

Maria Tankenson Hodge, Esq., (Hodge & Francois), St. Thomas, V.I.

MEYERS, *Judge*

## MEMORANDUM OPINION

This matter is before the court on co-defendants William Hastie, Jr. and Karen H. Williams' (hereinafter "Lessors") motion for summary judgment against co-defendant Mohamed Adballah (hereinafter "Lessee"). Lessee opposes said motion. Rule 56(c), Federal Rules of Civil Procedure provides in part that summary judgment shall be rendered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Because there is no genuine issue as to any material fact, and because the court concludes that Lessors are entitled to judgment as a matter of law, the motion will be granted.

## FACTS PRESENTED

On or about September 29, 1992, the Government of the Virgin Islands filed a declaration of taking, seeking title to Parcel Nos. 9B and 10A, Kronprindsens Gade, Kronprindsens Quarter, Charlotte Amalie, St. Thomas, Virgin Islands. For this taking, the Government deposited into the registry of the court, the sum of Three

Hundred Ninety-Six Thousand Six Hundred Sixty-Six Dollars ($396,666.00) to the use of persons entitled thereto. The persons known to have or claim an interest in the properties are: William Hastie, Jr., and Karen H. Williams, Mohamed Adballah, and Khalid Abdullar d/b/a The Holy Land Store (hereinafter "Sublessee").

The lease between Lessors and Lessee provides that "all damages awarded for such taking shall belong to and be the property of lessor, whether such damages shall be awarded as compensation for diminution in value to the leasehold or the fee of the premises herein leased; provided, however, that the lessor shall not be entitled to any portion of the award made to the lessee for loss of business." This court must now decide whether the foregoing lease provision entitles the Lessee to a share of the damages paid into the court's registry by the Government for the taking of his leasehold interest by eminent domain.

## DISCUSSION

Our research reveals no published opinion in this jurisdiction on the question presented. The court will be guided, therefore, by the analyses given to this question in other jurisdictions.

 It is well established that a tenant for years under a written lease is an owner of property in the constitutional sense, and is entitled to share in the compensation when all or part of the property leased is taken by eminent domain during the term of the lease. Nebraska v. United States, 164 F.2d 866 (8th Cir. 1947), cert. denied 334 U.S. 815, 92 L. Ed. 1745, 68 S. Ct. 1070 (1948); Williams v. Jefferson County, 261 Ala. 76, 72 So.2d 920 (Ala. 1954). The right of the owner of the leasehold interest to compensation is not affected by any agreement made by the condemner with the owner to pay him for the tenant's rights. A.W. Duckett & Co. v. United States, 266 U.S. 149 (1924). However, if the lease itself includes a provision with respect to the rights of the parties in the event of condemnation of the leased premises, such provision is valid and controlling. City of Columbus v. Huntington Nat'l Bank, 75 Ohio L. Abs. 214, 143 N.E. 2d 874 (Oh. 1956). A provision to the effect that damages awarded for condemnation shall belong to the landlord has been held to bar the lessee from sharing in the condemnation award. United States v. Petty Motor Co., 327 U.S. 372, 90 L. Ed. 729,

58

66 S. Ct. 596 (1946); State Highway Comm'n v. Oregon Invest. Co., 227 Ore. 106, 361 P.2d 71 (Or. 1961).

In State Highway Comm'n, the lease provided that "if the whole or any part of the demised premises shall be taken by any governmental authority for any public purpose, then the lessee shall not receive any portion of any award made to the lessor, but the sole right of the lessee shall be limited to a separate claim against said governmental authority for damages to its business and personal effects, and the lessee hereby waives any claim or claims against the lessor. . . ." 361 P.2d at 73.

The lessee in State Highway Comm'n argued that it was entitled to a share of the award because the award was not made "to the lessor", but to all those having an interest in the property. However, the court noted another provision which provided that the sole right of the lessee shall be limited to a separate claim against the condemning authority for damages to the lessee's business and personal effects. The court reasoned that when this provision and the other provisions of the paragraph are read together, they clearly express an intention that the lessee should not share in the award for the taking of his leasehold estate. *Id.*

■ The provision at issue in State Highway Comm'n is quite similar to the one that this court is called upon to interpret. The award here was made to all those having an interest in the property. The instant lease provides that all damages awarded as compensation for diminution in value to the leasehold shall belong to Lessor. This provision is more explicit than that in State Highway Comm'n in that it refers specifically to diminution in value to "the leasehold." It expresses a clear intention that the Lessee shall not share in any damages awarded as compensation for the taking of his leasehold estate.

■ The court's inquiry, however, does not end here. Lessee argues that he is entitled to a share of the damages paid into the court by the government for his loss of business. The lease provides that "the Lessor shall not be entitled to any portion of the award made to the Lessee for loss of business." The view which has been followed by the Third Circuit Court of Appeals, as well as by many other jurisdictions, is that neither injury to business nor loss of profits is to be considered as an element of damages in

eminent domain proceedings. Virgin Islands Housing and Urban Renewal Auth. v. 19.0976 Acres of Land, 169 F.Supp. 33 (D.V.I. 1959), 4 V.I. 3 (Terr. Ct. St. T. & St. J. 1959); Mitchell v. United States, 267 U.S. 341, 69 L. Ed. 644, 45 S. Ct. 293 (1925); Elson v. Indianapolis, 246 Ind. 337, 204 N.E. 2d 857 (Ind. 1965); City of Newport Municipal Housing Comm'n v. Turner Advertising. Inc., 334 S.W. 2d 767 (Ky. 1960); State v. Villa, 323 P.2d 941 (Or. 1958).

In Virgin Islands Housing, the District Court set aside an award of Two Thousand Dollars ($2,000.00) for loss of business. 4 V.I. at 9. The court held that the owners of property taken by eminent domain are not entitled to an allowance for loss of prospective profits from a business which they are conducting on the land taken. Id. The reasoning behind this position is that the profit itself is not being taken and the business can be relocated. City and County of Denver v. Hinsey, 177 Colo. 178, 493 P.2d 348 (1972). Lessee is not entitled to damages for loss of prospective profits from a business which he is conducting on the land taken since Lessors are not entitled to such damages.

■ Lessee further argues that the loss of rental income he derives from the sublease, as opposed to profits from business conducted on the property, is compensable. Lessee relies on Board of County Comm'r v. Delaney, 41 Colo. App. 548, 592 P.2d 1338 (Cob. 1979) in support of his contention. Lessee, however, misreads Delaney, According to Delaney, evidence of profits derived from the land itself is admissible to show market value. Id at 1340. There should be no confusion in distinguishing between compensable damages and evidence to show market value. Evidence of profits derived from the land itself, is admissible only as it would have a bearing on, and influence opinion as to the market value of the property taken. City & County of Denver v. Hinsey, 177 Colo. 178, 493 P.2d 348 (Colo. 1972). Thus, assuming Lessee has evidence of profits he derives from the condemned property, such evidence could be used only to show market value—not as a measure of compensable damages in and of itself. Lessee, then, is not entitled to any share of the damages paid into the court's registry by the government for loss of any profits he derives from the condemned property.

## CONCLUSION

By signing the subject lease agreement, Lessee assigned his share of the damages paid into the court's registry by the Government of the Virgin Islands for the taking of his leasehold interest to Lessors. Furthermore, Lessee is not entitled to a share of these damages for loss of business because his profits have not been taken. Lessee is entitled to no share of the monies deposited into the court's registry; therefore, Lessors are entitled to judgment as a matter of law.