TRUCK CITY OF GARY, INC.,
Appellant–Defendant,

v.

CALUMET REALTY CORPORATION,
Appellee–Plaintiff.

No. 45A03–0904–CV–165.

Court of Appeals of Indiana.

Nov. 30, 2009.

Edward R. Hall, Merrillville, IN, Attorney for Appellant.

Robert A. Welsh, Harris Welsh & Lukmann, Chesterton, IN, Attorney for Appellee.

**OPINION**

CRONE, Judge.

Truck City of Gary, Inc. ("Truck City"), appeals the trial court's grant of the summary judgment motion filed by Calumet Realty Corporation ("Calumet") and the denial of its cross-motion for summary judgment. We reverse and remand with instructions to enter summary judgment in favor of Truck City.

 The relevant material facts are undisputed. On July 1, 2002, Truck City entered into a twenty-five-year lease ("the Lease") with Calumet to lease certain premises on West Chicago Avenue in Gary ("the Premises"), on which Truck City operated a truck dealership. Pursuant to the Lease, Truck City agreed to pay Calumet an initial monthly rent of $4419.75. Article 11 of the Lease is entitled "Condemnation" and reads in pertinent part as follows:

**DEFINITION**

Section 11.01. The term "condemnation" as used in this Lease shall mean the exercise of the power of eminent domain by any person, entity, body, agent, or authority, or private purchase in lieu of eminent domain. The date of condemnation shall mean the day on which the actual physical taking of possession pursuant to the exercise of said power of eminent domain, or private purchase in lieu thereof, occurs, or the date of settlement or compromise of the claims of the parties thereto during the

pendency of the exercise of said power, whichever first occurs and property is deemed "condemned" on said date.

**CONDEMNATION AWARD**

Section 11.02. In the event the Premises or any part thereof shall be taken or condemned either permanently, or temporarily for any public or quasi-public use or purpose by any competent authority in appropriation proceedings or by any right of eminent domain, the entire compensation award thereof, including, but not limited to, all damages as compensation for diminution in value of the leasehold, reversion, and fee shall belong to the Lessor without any deduction therefrom for any present or future estate of Lessee, and Lessee hereby assigns to Lessor all its right, title in and interest to any such award.[1]

Section 11.03. Lessee shall, in the event of [sic] this Lease is terminated by reason thereof, have the right to claim and recover from the condemning authority, but not from Lessor, such compensation as may be separately awarded or recoverable by Lessee in Lessee's own right on account of any and all damage to Lessee's business by reason of the condemnation and for or on account of any cost or loss which Lessee might incur in removing Lessor's merchandise, furniture, fixtures, leasehold improvement and equipment.

**TERMINATION**

Section 11.04. If the whole of the Premises shall be taken by any public authority under the power of eminent domain, the lease shall terminate as of the day possession shall be taken by such public authority, and Lessee shall pay rent up to that date with an appropriate refund by Lessor of such amounts thereof as shall have been paid in advance for a period subsequent to the date of the taking.

Appellant's App. at 240.

On December 5, 2006,[2] as part of a planned expansion of the Gary/Chicago International Airport, the Gary/Chicago International Airport Authority ("the Authority") filed a complaint to condemn the Premises by eminent domain. On February 19, 2007, the Lake Superior Court entered an appropriation order and appointed appraisers to assess damages. On April 9, 2007, the appraisers filed a report assessing damages at $750,000, with Calumet's ownership interest valued at $625,000 and Truck City's leasehold interest valued at $125,000. On April 19, 2007, the Authority deposited $750,000 with the Lake County clerk and filed a notice to this effect with the Lake County auditor, thus obligating the auditor to transfer the Premises to the Authority on the county's tax records pursuant to Indiana Code Section 32–24–1–10(b). Calumet filed exceptions to the appraisers' report pursuant to Indiana Code Section 32–24–1–11.[3] Truck City paid Calumet rent through April 2007 and paid no rent thereafter.

---

1. We note that "[t]he holder of an unexpired leasehold interest in land is entitled to just compensation under the Fifth Amendment, for the value of that interest when the land is taken by eminent domain." *Ind. Grocery Co. v. Crosby Properties Co.*, 578 N.E.2d 780, 782 (Ind.Ct.App.1991), *trans. denied* (1992). "Tenants are thus entitled to compensation for an unexpired term of a lease terminated by condemnation. However, the parties to a lease may agree to an allocation of a condemnation award and that agreement governs disposition of the award." *Id.* (citation omitted).

2. Both parties' briefs incorrectly list the year as 2005.

3. The record does not mention the date on which Calumet filed its exceptions, but there is no indication that the filing was untimely.

On May 10, 2007, Truck City and the Authority executed a non-assignable property use agreement ("the Agreement"), which allowed Truck City to continue its business activities on the Premises for one year while it constructed a new facility. The Agreement reads in pertinent part as follows:

There shall be no rent paid to the Gary Airport during the term of this Agreement; however, it is recognized by the parties that, as of the date of execution of this Agreement, a portion of Property was previously owned by Calumet Realty and leased to Truck City ("Lease") and is currently subject to a condemnation action initiated by the Gary Airport. In that condemnation action, the Gary Airport has remitted the damage award to the court and has taken possession of the portion of the Property previously owned by Calumet Realty. The Gary Airport will allow Truck City to use the property consistent with this Agreement; however, if a Court of competent jurisdiction determines that such use is improper or that compensation is due to Calumet Realty, Truck City agrees to abide by any such Court Order and/or reimburse the Gary Airport for any rental payments required to be made to Calumet Realty pertaining to that period of time after the execution of this Agreement and prior to Truck City returning possession of the real estate to Gary Airport, which rental payment shall not exceed the amount that would have been payable by Truck City to Calumet Realty under the Lease during that period.

*Id.* at 246 (bold emphases omitted). Truck City vacated the Premises on February 7, 2008.

On February 13, 2008, Calumet filed a complaint against Truck City alleging that Calumet "continues to be the legal owner of the property sought to be condemned by the Airport Authority in that title to said property does not pass to the Airport Authority until the trial of [the condemnation] action produces a judgment assessing the final damages to be paid by the Airport Authority to Calumet[.]" *Id.* at 124. The complaint further alleged that Truck City had refused to pay rent to Calumet since the Authority had deposited the court-appointed appraisers' award in April 2007 and demanded the payment of delinquent rent, interest, and attorney's fees.

On March 26, 2008, Truck City filed a motion to dismiss. On May 7, 2008, Calumet filed a motion for summary judgment in which it requested "delinquent monthly rent from May of 2007 through February 2008," plus interest and attorney's fees. *Id.* at 154. In its motion, Calumet asserted that it was "still the title holder of the [Premises,]" that "the Authority ha[d] never taken possession of the [Premises] to tear it down and construct the new airport facilities[,]" and that therefore "Calumet as a title holder is legally entitled to collect rent from the continued commercial use of its property by Truck City." *Id.* at 153. On June 5, 2008, Truck City filed a response and a cross-motion for summary judgment in which it asserted that the Authority took possession of the Premises on April 19, 2007, when it deposited $750,000 with the clerk, and that therefore the Lease terminated "that same day[.]" *Id.* at 173. On July 1, 2008, the trial court held a hearing on the summary judgment motions. On August 7, 2008, the court issued an order summarily granting Calumet's motion and denying Truck City's cross-motion. On September 3, 2008, Truck City filed a motion to correct error. After a hearing, the trial court denied Truck City's motion and ordered Calumet to submit a petition for damages. The court held a hearing on the petition and in an order dated February 26, 2009, award-

ed damages to Calumet for unpaid rent of $4419.75 per month from May 1, 2007, through February 7, 2008, as well as pre-judgment interest of $3778.15 and attorney's fees of $16,275.00. This appeal ensued.

Truck City contends that the trial court should have granted its cross-motion for summary judgment and denied Calumet's motion for summary judgment. Our standard of review is well settled:

> When reviewing a grant or denial of a motion for summary judgment, we stand in the shoes of the trial court. Summary judgment is appropriate "if the designated evidentiary matter shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Ind. Trial Rule 56(C). A genuine issue of material fact exists when there is a dispute, or when undisputed facts are capable of supporting conflicting inferences, about an issue which would dispose of the litigation. Once the moving party demonstrates, prima facie, that there is no genuine issue of material fact as to any determinative issue, the non-moving party must come forward with contrary evidence. Upon appeal, we do not weigh the evidence, but rather we consider the facts in the light most favorable to the non-moving party. We may sustain the judgment upon any theory supported by the designated evidence. Cross motions for summary judgment do not alter our standard of review.

*Cox v. Town of Rome City*, 764 N.E.2d 242, 245–46 (Ind.Ct.App.2002) (some citations and quotation marks omitted).

▬ On appeal, Truck City again argues that its Lease with Calumet terminated when the Authority deposited $750,000

with the clerk on April 19, 2007. Truck City's argument is premised largely on Indiana Code Section 32–24–1–10, which reads as follows:

> (a) If the plaintiff pays to the circuit court clerk the amount of damages assessed under section 9 of this chapter, the plaintiff may take possession of and hold the interest in the property so acquired for the uses stated in the complaint, subject to the appeal provided for in section 8 of this chapter. But the amount of the benefits or damages is subject to review as provided in section 11 of this chapter.

> (b) Upon payment by the plaintiff of the amount of the award of the court appointed appraisers, the plaintiff shall file or cause to be filed with the auditor of the county in which the property is located a certificate, certifying the amount paid to the circuit court clerk and including the description of the property being acquired. The auditor of the county shall then transfer the property being acquired to the plaintiff on the tax records of the county.

Truck City argues that

> when a condemning authority compensates a landowner under the eminent domain code, title transfers to the condemning authority and the former fee simple owner of the premises no longer holds title to the premises. By extension, the former fee simple owner can no longer offer those premises for rent, nor can it collect on any leases which were terminated by operation of statute because it no longer has any ownership interest in the premises.

Appellant's Br. at 19.[4]

Truck City's argument disregards the undisputed fact that Calumet filed excep-

---

4. Calumet claims that Truck City has switched theories on appeal and therefore has

tions to the appraisers' report,[5] and that therefore title to the Premises will not vest in the Authority until Calumet's compensation is finally determined in the condemnation action. *See Lake Erie & Western Railway Co. v. Kinsey*, 87 Ind. 514, 517 (1882) ("The payment of the amount awarded by the appraisers gives the corporation a right to the immediate possession and a *prima facie* claim to the land subject to an appeal [i.e., the filing of exceptions to the appraisers' report] in ten days [6] after the award is filed. If no appeal is taken, at the end of the ten days the title vests and relates back to the date of payment. If an appeal is taken no title vests, and the corporation has no greater right than that of a license under the statute to hold possession and proceed with the construction of its road pending litigation. When the compensation has been finally fixed on appeal, then the corporation must pay or tender the compensation so fixed, and on failure to do so it acquires no title to the land, and its license to hold possession and prosecute its work ceases. Just compensation must be first made or tendered. The verdict of the jury and the judgment of the court determine what that just compensation is.").

As both *Kinsey* and Indiana Code Section 32–24–1–10(a) make clear, however, payment of the appraisers' award gives the condemnor the right to immediate possession of the subject property. Moreover, pursuant to Indiana Code Section 32–24–1–10(b), once the condemnor provides notice that the payment has been deposited with the clerk, the auditor "shall transfer" the property to the condemnor on the county's tax records.[7] Regardless of the state of the title, once the Authority paid the appraisers' award on April 19, 2007, Calumet no longer had any right to exclude the Authority from the Premises.[8] At the very latest, the Authority took possession of the Premises on May 10, 2007, when it executed the Agreement with

waived the arguments raised in its appellant's brief. *See, e.g., Grathwohl v. Garrity*, 871 N.E.2d 297, 302 (Ind.Ct.App.2007) ("If a party does not present an issue or argument to the trial court, appellate review of the issue or argument is waived."). Although Truck City does appear to have shifted its focus from the Authority's possession of the Premises to the Authority's acquisition of title to the Premises, the essence of its position remains the same: namely, that "Calumet ceased to have any legal basis to claim anything under the [Lease] from the very moment the appraisers['] award was paid into the clerk[']s office." Appellant's Br. at 17. Consequently, we address the merits of Truck City's arguments.

5. We note that although Calumet did not specifically designate this fact on summary judgment, Truck City's counsel did not contradict opposing counsel's statement to this effect at the summary judgment hearing and has conceded its accuracy on appeal. *See* Appellant's Br. at 17–18 ("While Calumet may, (and indeed has) dispute[d] the value arrived at by the appraisers, its actual interest in the lease

was extinguished upon payment of the appraisers['] award into the clerk['ls office, and as such, any claim to an entitlement for continued rents after that point is contrary to the cases cited herein as well as black letter law.").

6. The current deadline is twenty days. Ind. Code § 32–24–1–11(a).

7. In *Southtown Properties, Inc. v. City of Fort Wayne*, 840 N.E.2d 393 (Ind.Ct.App.2006), *trans. denied*, we concluded that "while title does not vest in the condemnor until final compensation is paid or tendered, that title relates back, for purposes of Indiana's tax assessment statutes, to the date of the filing of the condemnation action." *Id.* at 410. We also recognized that "a condemnor secures the right to obtain title to property on the date it files a petition for condemnation" and that "after a property owner's land is condemned, he holds something less than legal title in fee to the property." *Id.* at 409–10.

8. Calumet's claim against Truck City is premised upon its right to possession, not title.

Truck City. *See* Appellant's App. at 246 (Agreement: "In that condemnation action, the [Authority] has remitted the damage award to the court and has taken possession of the portion of the Property previously owned by Calumet Realty. The [Authority] will allow Truck City to use the property consistent with this Agreement[.]"). In so doing, the Authority exerted dominion and control over the Premises and thereby terminated the Lease between Calumet and Truck City.[9] As such, Calumet was no longer entitled to collect rent from Truck City. Consequently, we reverse the trial court's grant of Calumet's summary judgment motion and remand with instructions to enter summary judgment in favor of Truck City.[10]

Reversed and remanded.

MAY, J., and BROWN, J., concur.

9. We need not address and expressly decline to determine whether the Lease terminated pursuant to its own terms.

10. Truck City asserts that it is entitled to reasonable attorney's fees pursuant to Indiana Appellate Rule 67 but cites no authority to support this assertion.