FILED

Nov 29 2023, 9:31 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court



ATTORNEYS FOR APPELLANTS

Theodore E. Rokita
Attorney General of Indiana

Natalie F. Weiss
Deputy Attorney General
Indianapolis, Indiana

ATTORNEY FOR APPELLEES

J. Eric Rochford
Thomas R. Malapit, Jr.
Malapit & Rochford
Indianapolis, Indiana

IN THE

# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| State of Indiana and Indiana Department of Transportation, *Appellants-Defendants,* v. John Laughlin and Eileen Laughlin, *Appellees-Plaintiffs.* | November 29, 2023 Court of Appeals Case No. 23A-PL-937 Appeal from the Hamilton Superior Court The Honorable Michael A. Casati, Judge Trial Court Cause No. 29D01-2209-PL-7193 |

**Opinion by Judge Tavitas**
Judges Pyle and Foley concur.

**Tavitas, Judge.**

## Case Summary

In this interlocutory appeal, the State of Indiana and the Indiana Department of Transportation ("INDOT") (collectively, "the State") appeal the trial court's order of appropriation in an inverse condemnation action brought by John and Eileen Laughlin. The trial court entered an order of appropriation based only upon the initial pleadings filed in the action. When determining whether a taking occurred, the trial court did not hold a hearing, which is required by Indiana Code Section 32-24-1-6, or resolve factual issues through dispositive motions. On appeal, the State argues that the trial court erred by entering an order of appropriation without resolving factual issues as to whether a taking occurred. We agree that, in the inverse condemnation context, before entering an order of appropriation, the trial court must hold a fact-finding hearing or rule on other dispositive motions to determine whether a taking has occurred. Accordingly, we reverse and remand for further proceedings.

## Issue

The State raises one issue, which we restate as whether the trial court erred by entering an order of appropriation without resolving factual issues as to whether a taking occurred.

## Facts

In September 2022, the Laughlins filed a complaint against the State alleging inverse condemnation. The Laughlins alleged that they are the "owners/lessees of a billboard advertising sign [ ] and billboard advertising Sign Lease" located

at the southwest corner of the intersection of 226th Street and U.S. 31 in Hamilton County. Appellant's App. Vol. II p. 17. The Laughlins alleged that the original term of the lease was eight years and that they had the right to renew the lease for ten successive eight-year terms. The Laughlins attached a copy of the sign lease to the complaint, but they did not attach the written renewals of the lease.

[4] According to the Laughlins, the State removed the sign as part of a project to improve U.S. 31 and 226th Street, and the State did not offer or pay compensation for the taking of the sign or sign lease. The Laughlins attached the following photograph of the sign to their complaint:



*Id.* at 24.

[5] In response, the State filed their "Objections, Affirmative Defenses, and Motion to Dismiss." *Id.* at 25. The "Objections" section admitted or denied the allegations contained in each paragraph of the Laughlins' complaint. Next, the

State asserted multiple affirmative defenses. Finally, the document included a motion to dismiss. The State alleged, in part, that the Laughlins' complaint failed to adequately describe their real estate interest and failed to describe their property interest by omitting their outdoor advertising permit.

[6] The trial court gave the Laughlins until December 22, 2022, to file a response. The trial court noted that it would "then rule on the pleadings filed or set this matter for hearing." *Id.* at 6. The Laughlins filed a response to the motion to dismiss. On January 25, 2023, the trial court denied the State's "Objections, Affirmative Defenses and Motion to Dismiss." *Id.* at 11.

[7] The Laughlins then filed a "Motion for Entry of Order of Appropriation of Real Estate and Appointment of Appraisers" on March 1, 2023. *Id.* at 44. The Laughlins alleged that "no objections remain and the only issue in this case is the amount of just compensation due to Plaintiffs resulting from Defendants' inverse condemnation." *Id.* at 45. The Laughlins requested that the trial court appoint appraisers.

[8] On March 2, 2023, the State filed a motion to reconsider the order denying the motion to dismiss based upon newly discovered evidence. The trial court denied the motion to reconsider.

[9] On March 29, 2023, the trial court entered an "Order of Appropriation and Appointment of Appraisers." *Id.* at 13. In the order, the trial court found: "Defendants have appropriated Plaintiffs' real estate interest as described in their Complaint for Inverse Condemnation." *Id.* at 14. The trial court then

appointed three appraisers pursuant to Indiana Code Section 32-24-1-7(c). The State filed a motion for clarification, which the trial court denied. The State now appeals.[1]

## Discussion and Decision

The State challenges the trial court's failure to resolve factual issues as to whether a taking occurred before entering an order of appropriation. "When the State exercises its inherent authority to take private property for public use, the United States Constitution requires just compensation for that taking." *Town of Linden v. Birge*, 204 N.E.3d 229, 234 (Ind. 2023) (citing U.S. Const. amend. V). "If the government takes property but fails to initiate eminent-domain proceedings, an affected property owner may recover money damages from the State by suing for inverse condemnation." *Id.* (citing Ind. Code § 32-24-1-16). Indiana Code Section 32-24-1-16 authorizes an inverse condemnation proceeding and provides: "A person having an interest in property that has been or may be acquired for a public use without the procedures of this article or any prior law followed is entitled to have the person's damages assessed under this article substantially in the manner provided in this article." The term

---

[1] The State filed this appeal claiming that it was entitled to interlocutory appeal as of right. This Court dismissed the appeal, concluding that the State "failed to identify in the Notice of Appeal any order that is eligible for interlocutory appeal as a matter of right under Indiana Appellate Rule 14(A) or 14(D)." June 13, 2023 Order Dismissing Appeal. The State then filed a motion to reconsider, which our motions panel granted and reinstated the appeal. "[W]hile a writing panel may reconsider a motions panel's decision to accept a discretionary interlocutory appeal, the practice is appropriately disfavored." *Means v. State*, 201 N.E.3d 1158, 1165 (Ind. 2023). The Laughlins do not request in their appellee's brief that we reconsider the motions panel's decision; accordingly, we will address the arguments raised on appeal.

"article," in this context, refers to the statutes governing eminent domain actions, Indiana Code Article 32-24.

[11] In an inverse condemnation action, "[t]he owner rather than the condemnor brings the action." *Ctr. Townhouse Corp. v. City of Mishawaka*, 882 N.E.2d 762, 770 (Ind. Ct. App. 2008), *trans. denied*. There are two stages in an inverse condemnation action. *Id.* "The first stage determines whether a compensable taking has occurred." *Id.* "At this stage the landowner must show that he has a property interest that has been taken for a public use without having been appropriated pursuant to eminent domain laws." *Id.* "If the trial court, acting as finder of fact in the first stage, determines that a taking has occurred, the matter proceeds to the second stage, at which the court appoints appraisers, and damages are assessed." *Id.* Here, we are concerned with the procedures used by the trial court in the first stage.

[12] In general, an action for inverse condemnation "requires the claimant to show (1) a taking or damaging (2) of private property (3) for public use (4) without payment of just compensation (5) by a government entity." *Town of Linden*, 204 N.E.3d at 234 (citing *Murray v. City of Lawrenceburg*, 925 N.E.2d 728, 731 (Ind. 2010)). "A taking by inverse condemnation includes any substantial interference with private property that destroys or impairs one's free use, enjoyment, or interest in the property." *Ind. Dep't of Nat. Res. v. Houin*, 191 N.E.3d 241, 249 (Ind. Ct. App. 2022), *trans. denied*; *see also Burkhart Advert., Inc. v. City of Fort Wayne*, 918 N.E.2d 628, 632 (Ind. Ct. App. 2009), *trans. denied*. "Ordinarily, the question of whether a particular interference is substantial is a

question of fact." *Houin*, 191 N.E.3d at 249; *see also Indiana & Michigan Elec. Co. v. City of Anderson*, 176 Ind. App. 410, 420, 376 N.E.2d 114, 121 (1978) ("The question as to whether there has been an interference with a compensable interest, and if so, to what extent, is a question of fact upon which evidence must be heard.").

[13]   Unfortunately, the procedures for determining whether a taking has occurred in an inverse condemnation action are not spelled out in Indiana Code Chapter 32-24-1.  Rather, Indiana Code Section 32-24-1-16, the only statute that addresses inverse condemnation actions, requires that the landowner's claim for inverse condemnation be considered "substantially in the manner provided" by the eminent domain statutes.  Accordingly, in determining procedures for considering an inverse condemnation action, we must look to those eminent domain statutes.  Some of those statutes, however, simply are inapplicable to inverse condemnation proceedings.  *See, e.g.*, Ind. Code § 32-24-1-5.5 (discussing rejections of written acquisition offers).

[14]   In general, after the State files an eminent domain action, the landowners must file "objections" to the proceedings, which the trial court will sustain or overrule.  *See* Ind. Code § 32-24-1-8.  The objections statute also provides: "The court may not allow pleadings in the cause other than the complaint, any objections, and the written exceptions provided for in section 11 of this chapter. However, the court may permit amendments to the pleadings."  I.C. § 32-24-1-8(c).  It is clear, however, that the statutes also require the trial court to hold a hearing on the matter.  Indiana Code Section 32-24-1-6 details the notice to be

sent to the landowner requiring the landowner to "appear before the court" and to file objections within thirty days.

[15] In the context of an inverse condemnation action, our Courts have held that whether a taking has occurred involves a factual determination by the trial court, and the parties must be given the opportunity to present evidence or a designation of evidence. Our trial courts have used typical litigation practices to make that factual determination. *See, e.g.*, *Town of Linden*, 204 N.E.3d at 232 (noting that the inverse condemnation proceedings included a motion to dismiss, motion for summary judgment, and evidentiary hearings on the taking issue); *Coutar Remainder I, LLC v. State*, 91 N.E.3d 610, 614 (Ind. Ct. App. 2017) (summary judgment proceedings used to determine whether taking occurred), *trans. denied*; *Boyland v. Hedge*, 58 N.E.3d 928, 932 (Ind. Ct. App. 2016) (inverse condemnation action resolved through summary judgment proceedings); *Ctr. Townhouse Corp.*, 882 N.E.2d at 766 (noting that the trial court held a bench trial on the taking issue); *Bussing v. Indiana Dep't of Transp.*, 779 N.E.2d 98, 102 (Ind. Ct. App. 2002) (noting that the trial court held a trial on the issue of whether a taking had occurred and entered findings of fact and conclusions thereon concluding no compensable taking occurred by INDOT), *trans. denied*.

[16] Here, after the State filed its objections to the Laughlins' inverse condemnation action, the trial court was required to make a factual determination as to whether a taking occurred. The nature of the Laughlins' property interest is not entirely clear from their complaint as they claim to be "owners/lessees" of the sign and sign lease, and the State claimed in part that the Laughlins did not

have a required permit for the sign.[2]  The State filed a motion to dismiss, which the trial court denied.

[17]  Accordingly, factual issues remained, and the trial court should have set the matter for a hearing or allowed other dispositive motions to be filed.  As the State points out, the trial court essentially "sua sponte decided a legal, dispositive issue despite there being issues of fact."  Appellant's Br. p. 12.  The trial court resolved the issue of whether a taking occurred based upon only the Laughlins' complaint and the State's objections and affirmative defenses, which was improper under these circumstances.

## Conclusion

[18]  The trial court failed to resolve factual issues in determining whether a taking occurred.  Accordingly, we reverse and remand for the trial court to conduct an evidentiary hearing or allow dispositive motions on the taking issue.

[19]  Reversed and remanded.

Pyle, J., and Foley, J., concur.

---

[2]  We note that the "holder of an unexpired leasehold interest in land is entitled to just compensation under the Fifth Amendment, for the value of that interest when the land is taken by eminent domain." *Ind. Grocery Co. v. Crosby Properties Co.*, 578 N.E.2d 780, 782 (Ind. Ct. App. 1991), *trans. denied*.  "Tenants are thus entitled to compensation for an unexpired term of a lease terminated by condemnation."  *Id.*